IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KAREN L. FOREHAND,

   Plaintiff,

v.

FULTON COUNTY, GEORGIA,
THOMAS C. ANDREWS,
*individually and in his official capacity as County Manager*, and
WILLIE HOPKINS, *individually and in his official capacity as Director of General Services*,

   Defendants.

CIVIL ACTION FILE

NO. 1:05-CV-658-JOF-GGB

## **CLARIFICATION OF REPORT AND RECOMMENDATION**

This clarification is made in response to Plaintiff's objections to the undersigned's Report and Recommendation. (Doc. 66). In Plaintiff's objections, Plaintiff argues, inter alia, that the undersigned erred because the Report and Recommendation "did not address whether a retaliation claim pursuant to [42 U.S.C.] § 1981 is viable or analyze Plaintiff's retaliation claim pursuant to § 1981, but instead analyzed Plaintiff's retaliatory termination claims pursuant to Title VII and the equal protection clause via 42 U.S.C. § 1983." (Id. at 2).

The undersigned is aware that retaliatory termination claims are actionable under § 1981. See, e.g., Andrews v. Lakeshore Rehab. Hosp., 140 F.3d 1405, 1412-13 (11th

Cir. 1998). However, the undersigned's Report and Recommendation did not address a retaliatory termination claim under § 1981 because Count VII—the only count of Plaintiff's detailed amended complaint that referred to retaliation and § 1981—only asserted a claim of retaliatory failure to promote; it did not allege retaliatory termination. (See Doc. 23 at 18-19, ¶ 85).

This 18th day of December, 2006.

    s/ Gerrilyn G. Brill
    GERRILYN G. BRILL
    UNITED STATES MAGISTRATE JUDGE

T:\FINAL.ORD\Forehand.clarification.rr.wpd

AO 72A
(Rev.8/82)